UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW JAMES LINDSAY ESQ., *also known as* Matthew James Lindsay Shore, Esq.,

Plaintiff,

v.

SHAWN PAUL ALLEN SOCKEY, et al.,

Defendants.

Case No. C15-47-MJP-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Matthew James Lindsay is currently confined at the King County Correctional Facility. His pro se complaint names as defendants Shawn Paul Allen Sockey, Jacob Orion Shore, City of Newcastle Police Department and Prosecuting Attorney's Office, King County Office of the Prosecuting Attorney (Criminal Division), Kirshenbaum and Goss, and University of Washington Medicine, doing business as Valley General Medical Center of Kent, and alleges civil rights and other claims  Dkt. 9 (Complaint). As the complaint contained numerous deficiencies, the Court declined to serve it and granted Mr. Lindsay leave to file an amended complaint no later than April 21, 2015. Dkt. 12. To date, Mr. Lindsay has not filed an amended complaint. The Court therefore recommends the matter be **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

**BACKGROUND**

Mr. Lindsay alleges that defendants Shawn Sockey and Jacob Shore caused the City of

REPORT AND RECOMMENDATION - 1

Newcastle's police department to unlawfully detain him, that he was forcefully removed from his home and transported by ambulance to Valley General Medical Center, operated by University of Washington Medicine, in Kent, Washington, where staff drew his blood and obtained a urine sample over his objections, and that he was released from the hospital at 2:00 a.m. the following day and had to walk home. Complaint at 3-4. He alleges that earlier that week he began noticing items missing from his home, that his landlord, defendant Shawn Sockey, attempted to gain access to his separate living quarters using an extension ladder, that the Mercer Island Municipal Court has issued a No Contact Order preventing him from returning to his home, and that the prosecuting attorneys of the City of Newcastle and King County have declined to press charges against Mr. Sockey. Complaint at 4-5. He alleges that he entered an Alford plea in the Mercer Island Municipal Court case and that his attorney in that case, Anna Murray of the law firm Kirshenbaum and Goss, has advised him that he is at risk of losing his Second Amendment constitutional privileges, has caused conflict in the case, and has violated his right to present testimony of witnesses to establish a defense. Complaint at 5-6. He alleges that defendant Jacob Shore has invaded the privacy of the attorney-client privilege between Mr. Lindsay and his court-appointed attorney, and that Mr. Shore has mishandled and misappropriated the summonses for Mr. Lindsay's other case currently pending before this Court. Complaint at 6. He alleges that Mr. Shore was entrusted with storing all of Mr. Lindsay's belongings but Mr. Shore placed them all outside. Complaint at 6-7. He alleges that his landlord's wife promised to take care of his two cats. Complaint at 7.

      Mr. Lindsay seeks the following relief:

      Obligate Law Enforcement to make criminal arrests.

      Obligate the City of Newcastle's Prosecuting Attorney's Office to seek criminal charges against wrongdoers.

REPORT AND RECOMMENDATION - 2

        Obligate the King County's Prosecuting Attorney's Office to seek criminal charges against wrongdoers.

        Require restitution from the entities and persons whom have caused irreparable harm and R.C.W.A. 4.96.020 "Tortious Conduct of local Gov. entities" damages; e.g., emotion distress, property damage and or loss, abuse of process, Professional Negligence, and Professional Malpractice/Misconduct as required by Title 18 U.S.C.A. 3663(A) and (B) and Title 42 U.S.C.A. sec 1983 "Civil Liability."

Complaint at 8.

## DISCUSSION

The Court declined to serve the complaint because it contained deficiencies that, if not addressed, would lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Mr. Lindsay alleges civil rights violations. In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Mr. Lindsay names Shawn Paul Allen Sockey, Jacob Shore, and the law firm Kirshenbaum and Goss as defendants. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Mr. Lindsay has not set forth any facts showing that these individuals or this law firm should be excepted from the general rule.

Mr. Lindsay names the City of Newcastle Prosecuting Attorney's Office and the King County Office of the Prosecuting Attorney (Criminal Division) as defendants. He references decisions by these offices to decline to file charges, and asks the Court to "Obligate" these offices to "seek criminal charges against wrongdoers." Complaint at 8. A prosecutor is afforded

REPORT AND RECOMMENDATION - 3

absolute immunity from suit for his role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  In addition, a plaintiff seeking to impose § 1983 liability on a local government unit must identify a policy or custom that caused his injury.  *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  The prosecuting attorneys are immune from suit over the charging decisions Mr. Lindsay complains of.  And Mr. Lindsay has identified no policy or custom of either of the prosecuting attorney's offices he names as defendants.

Mr. Lindsay names City of Newcastle Police Department as a defendant and asks that the Court "Obligate Law Enforcement to make criminal arrests."  Complaint at 8.  Again, a plaintiff seeking to impose § 1983 liability on a local government unit must identify a policy or custom that caused his injury.  *See Bd. of County Comm'rs*, 520 U.S. at 403.  Mr. Lindsay has not identified any policy or custom of the City of Newcastle Police Department that he alleges caused him injury.

Mr. Lindsay names University of Washington Medicine, doing business as Valley General Medical Center of Kent, as a defendant.  The Eleventh Amendment bars suits against states and their agencies in federal court unless the state consents.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  The University of Washington is an arm of the state for purposes of the Eleventh Amendment.  *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984).  The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here.  *See Rains v. State*, 100 Wash. 2d 660, 666, 674 P.2d 165 (1983).  UW Medicine and Valley Medical Center, operated and managed by the University of Washington, are immune from this lawsuit.

Because of the deficiencies identified above, Mr. Lindsay has failed to set forth a § 1983

REPORT AND RECOMMENDATION - 4

claim on which relief can be granted. Mr. Lindsay identifies other sources of law in his complaint, including the federal criminal code and Washington State statutes. The federal criminal code does not provide a private cause of action. And, while federal courts have supplemental jurisdiction to consider state-law claims, this is the case only when they are "so related" to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). As Mr. Lindsay has failed to state a federal claim on which relief can be granted, the Court should not assert supplemental jurisdiction over any state-law claims.

## CONCLUSION

Because Mr. Lindsay is a pro se litigant, the Court gave him the opportunity to file an amended complaint to cure his deficient complaint. The Court advised him that if no amended complaint was timely filed, the Court would recommend the matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. Dkt. 12. The Court however has not received anything from Mr. Lindsay and therefore recommends the matter be **DISMISSED** with prejudice for failure to state a claim on which relief can be granted. A proposed order is attached to this report.

This Report and Recommendation is not an appealable order. Do not file a notice of appeal until the District Judge enters judgment in this case. Any objections must be filed no later than **May 22, 2015**. The Clerk should note the matter as ready for the District Judge's consideration on that date. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 5th day of May, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge